CHARLES N. GUNNISON v. UNITED STATES INVESTMENT COMPANY and Others.[1]

December 3, 1897.

Nos. 10,741—(156).

Corporation — Liability of Stockholders — Transfer of Stock — G. S. 1894, § 2599.

G. S. 1894, § 2599, construed, and *held* that a shareholder in a corporation cannot affect his constitutional liability for the prior debts of the corporation by a bona fide sale of his stock to a solvent party, and a transfer thereof on the books of the corporation.

Appeal by plaintiff from a judgment of the district court for Hennepin county in favor of defendant Turnblad, entered pursuant to findings of Belden, J., and an order for judgment. Reversed.

[1] Reported in 73 N. W. 149.

*W. S. Dwinnell*, for appellant.

Can the registered holder of stock in a corporation discharge himself from liability by presenting his certificate for transfer, where such transfer is refused and the certificate retained by him? Ordinarily the liability to creditors attaches to those who are registered stockholders at the time action is begun. Turnblad was a registered stockholder at the time this action was instituted. Hence he is liable unless he can bring himself within an exception to the general rule. The only exception made is in cases where the vendor or vendee has presented the certificate to the company for transfer, has left the certificate with it, and the officers have promised to transfer it, but through oversight or inadvertence failed to do so. Several respectable courts have failed to accept even this exception.

The exception is based upon the theory that the vendor, having done all he reasonably could to obtain a transfer and being ignorant that a transfer had not been registered, cannot be held and the creditor must look to the unregistered vendee. In such case both vendor and creditor are innocent parties, the fault being that of the corporation. The creditor having a remedy against the unregistered vendee, the vendor will be discharged. But the present case does not come within the exception. The corporation refused to make the transfer, the certificate was not left to enable it to perfect the transfer, in case it had been so disposed, and Turnblad knew the transfer had been refused. He could no more submit to the refusal of the corporation and still claim that a transfer had been made than a person, upon refusal of a register of deeds to file an instrument presented by him for record, could claim the benefits of record for his instrument.

Any rule adopted must be uniform. To allow a demand and refusal to transfer stock to constitute a good transfer would be most dangerous. With such a rule, stockholders, in connivance with the company, could demand a transfer and be refused, and then have a defense to any action against them upon their stock liability, and yet as registered stockholders have all the privileges of stockholders, such as voting, receiving dividends, etc.

Stockholders at the time of beginning action are liable without regard to the time the debt was contracted. Gebhard v. Eastman,

7 Minn. 40 (56); First v. Winona, 58 Minn. 167. The judgment was provable as a debt of the date of its entry, and the court cannot presume the debt was contracted on any other date. Frost v. St. Paul, 57 Minn. 325, 331. Registration determines what stockholders are liable. Shellington v. Howland, 53 N. Y. 371; Worrall v. Judson, 5 Barb. 210; Dane v. Young, 61 Me. 160, 167; Fowler v. Ludwig, 34 Me. 455; Borland v. Haven, 37 Fed. 394, 407; Richmond v. Irons, 121 U. S. 27, 58; Harpold v. Stobart, 46 Oh. St. 397, 400.

G. S. 1894, §§ 2599 and 2799 are not solely for the benefit of the corporation. Harper v. Carroll, 66 Minn. 487.

*John P. Nelson* and *Henry G. Gjertson,* for respondent Turnblad.

The findings of the trial court show that the certificate was sold and delivered to Hyllengren, who presented it to the company for transfer. The opinion of the trial court is correct that the sale being made before this action was instituted and being bona fide, and the vendor having done all in his power, short of invoking the courts, he can be held only by some creditor who shows he became such after the refusal of the company to register the transfer, relying on Turnblad's ownership of stock, actually or presumptively. Whether such liability could be established on such grounds is very doubtful. Young v. McKay, 50 Fed. 394; Hayes v. Shoemaker, 39 Fed. 319; Hayes v. Yawger, 39 Fed. 912; Whitney v. Butler, 118 U. S. 655; 3 Thompson, Corp. §§ 3284, 3285; Chouteau v. Harris, 20 Mo. 382.

START, C. J.

This is an action under chapter 76, G. S. 1894, to enforce the liability of the stockholders for the debts of the defendant corporation. The only defendant that answered was Swan J. Turnblad, as to whom the trial court directed a dismissal of the action. Judgment was so entered from which the plaintiff appealed. The trial court found that the plaintiff was a judgment creditor of the corporation, that execution on his judgment had been returned unsatisfied and that no other creditor of the corporation had proved his claim against the corporation. It was also found that the defendant Turnblad on June 12, 1893, was a stockholder in the corporation, owning five shares of the par value of $100 each; and on July 1, 1893,

for a valuable consideration and in good faith, he sold this stock, indorsed and delivered the certificate thereof to the purchaser, Oscar Hyllengren. The purchaser duly presented the stock certificate so indorsed to the proper officers of the corporation and demanded a transfer of the stock to him on the records, which was refused without any sufficient excuse, and immediately thereafter the defendant Turnblad made a like demand upon such officers which was in like manner refused. The court also found, in effect, that the plaintiff's debt did not accrue after such sale of the stock and refusal to transfer it on the records of the corporation.

The basis of the trial court's conclusion that the defendant was not liable was the sale of the stock bona fide and that, he having done everything in his power, short of invoking the aid of the courts, to relieve himself from further consequences of his ownership of the stock, he was not liable to creditors whose debts accrued prior to such sale and refusal to transfer the stock, whatever his liabilities might be as to subsequent creditors.

It was assumed by the trial court that a stockholder in a corporation may terminate his liability as such by a bona fide sale of his stock, and a transfer of it upon the records of the corporation. It is entirely competent for the legislature to regulate the transfer of the shares in a corporation and declare the effect of such transfer, if no impairment of liability as fixed by the constitution is made. Such liability may be increased but not diminished by the legislature.

The defendant corporation was organized under G. S. 1866, tit. 2, c. 34. The statute, G. S. 1894, § 2599, declares in express terms that a transfer of the shares of such a corporation "shall not in any way exempt the person making such transfer from any liabilities of said corporation which were created prior to such transfer."

Hence the assumption of the trial court was wrong, for by virtue of the statute a stockholder cannot relieve himself from the liability for the prior debts of the corporation by a bona fide sale and transfer of his stock on the books of the corporation, whatever the rule may be in the absence of the statute. It follows as a corollary from this proposition that the trial court's conclusion of law that the defendant Turnblad was not liable is also erroneous. The mere read-

ing of the statute as to the transfer of the shares of a corporation would seem to prove the proposition stated.

There are three sections of the statute proper to be considered in reference to this question, which are in pari materia, having been enacted at the same time. They are: G. S. 1894, § 2599, supra (G. S. 1866, c. 34, tit. 1, § 8), part of which is in these words:

"The transfer of shares is not valid, except as between the parties thereto, until it is regularly entered on the books of the company, so far as to show the names of the persons by and to whom transferred, the numbers or other designation of the shares, and the date of the transfer; but such transfer shall not in any way exempt the person making such transfer from any liabilities of said corporation which were created prior to such transfer."

The original of this section is P. S. 1858, c. 17, § 20 (p. 332). The provisions of section 2599 are expressly made applicable to corporations organized under title 2, c. 34, G. S. 1866.

The second is G. S. 1866, c. 34, § 9 (as amended, G. S. 1894, § 2600), which, so far as here material, reads thus:

"The private property of each stockholder in any corporation formed as herein provided is liable for corporate debts in the following cases:

First, for all unpaid instalments on stock owned by him or transferred for the purpose of defrauding creditors; * * *

Fourth, to the amount of the stock held or owned by him in all cases."

This last clause was substantially a re-enactment of the constitutional liability (Const. art. 10, § 3).

And the last is G. S. 1894, § 2799 (G. S. 1866, c. 34, tit. 2, § 49), which reads as follows:

"The stock of any such corporation shall be deemed personal property, and be transferable only on the books of such corporation in such form as the directors prescribe; and such corporation shall at all times have a lien upon the stock or property of its members invested therein, for all the debts due from them to such corporation, which may be enforced by advertisement and sale in the manner provided for selling delinquent stock."

The first subdivision of section 9, c. 34, G. S. 1866, so far qualifies section 8, c. 34, G. S. 1866, as to except from the operation of the

prohibition therein, to the effect that no transfer of stock shall in any way exempt the person making such transfer from any liabilities of the corporation which were created prior to such transfer, unpaid instalments of stock subscriptions—(debts due primarily to the corporation)—and leaves them to be governed by the general rule, which is to the effect that, as to such instalments, a transfer to a solvent party in good faith which is entered on the books of the corporation is like that of novation. The transferror is thereby discharged from his debt to the corporation and the transferee thereby assumes it. This was expressly decided in the case of In re People's Live Stock Ins. Co., 56 Minn. 180, 57 N. W. 468.

This makes the meaning of the prohibition in section 8, c. 34, G. S. 1866, perfectly clear, if there was any doubt about it before. It was intended to apply to, and only to, the stockholders' constitutional liability for the debts of the corporation, as re-enacted in the fourth subdivision of section 9, c. 34, G. S. 1866. The fact that this subdivision was repealed by Laws 1875, c. 15, leaving the stockholders' liability as declared by the constitution, in no manner affects the prohibition in question. It means now exactly what it did when enacted in 1866.

The several sections of the statutes referred to are consistent with each other, and seem to be too clear and specific to admit of any doubt as to their meaning. The prohibition against the transfer of shares in a corporation so as to affect the liability of stockholders for existing debts of the corporation is absolute, and applies to corporations organized under title 2, c. 34, G. S. 1894, as well as to those organized under title 1 thereof.

Upon the facts found by the trial court the defendant Turnblad is liable to the extent of the par value of his stock for the plaintiff's debt against the defendant corporation. The judgment in this case must therefore be reversed, and the action remanded to the district court with directions to amend its conclusions of law in accordance with this opinion and enter judgment for the plaintiff.

So ordered.