HERMAN M. HERSHEY v. RICHARD WELCH.[1]

November 3, 1905.

Nos. 14,616—(195).

**Evidence.**

Evidence considered, and *held* sufficient to support the verdict.

**Sale of Collateral.**

A person who holds the legal title to stock of a corporation, which has been pledged to a bank as collateral security for a loan, and who is able to get possession of the stock certificate at any time upon payment of the loan, may make a valid sale of the stock.

Action in the district court for Meeker county to recover $250, the balance of the purchase price of certain shares of stock alleged to have been bought by defendant. The case was tried before Qvale, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*H. S. McMonagle*, for appellant.

*Alva R. Hunt*, for respondent.

ELLIOTT, J.

The complaint alleges that on or about March 25, 1905, the plaintiff sold and delivered to the defendant ten shares of the capital stock of the Litchfield Telephone Company, represented by certificate No. 68, for the agreed price of $300; that the defendant agreed to take and pay for the stock on or before May 1, 1905; that before May 1 the defendant paid as a part of the purchase price thereof the sum of $50; that on May 9, 1905, plaintiff tendered the certificate of stock, duly indorsed and assigned by the plaintiff, to the defendant, and demanded payment of the balance of the purchase price; and that the defendant then refused to accept the stock and pay the balance due thereon. The answer denies the agreement to purchase the stock and pleads the statute of frauds.

The only issue presented for the jury was whether the contract had been made as claimed by plaintiff. If the plaintiff's evidence was to be

[1] Reported in 104 N. W. 821.

believed, it proved the making of the contract as alleged and a payment of the part of the purchase price. The defendant admitted that payments had been made, but claimed that he had entered into a contract for an option to purchase the stock, and that the payments had been made as the purchase price of the option. As the evidence stood, the issue was clearly defined, and was properly submitted to the jury. Their determination was final, and the order denying the motion for a new trial was properly overruled, unless there was some error of law duly excepted to.

Several of the assignments of error are too vague and indefinite to require consideration, and others seek to predicate error upon the failure of the trial court to give certain instructions which were not requested. These cannot be considered.

It was not necessary for the court to submit to the jury the question of whether a tender of the stock was made to the defendant. It was admitted by both the plaintiff and defendant, and was a conceded fact in the case.

The motion to direct a verdict upon the ground that it had not been shown that the plaintiff was able, ready, and willing to turn over the stock was properly denied. It is true that the stock was at the time of the sale in the possession of the Bank of Litchfield; but the general ownership of the stock remained in the pledgor, subject to the lien of the bank. Cross v. Eureka, 73 Cal. 302, 14 Pac. 885. It was held as collateral security merely, and it conclusively appeared that the plaintiff was able to get possession of the stock at any time. In fact, it is conceded that the bank delivered the certificate to the plaintiff, so that he was able to and did tender it to the defendant, duly assigned and free from any and all claims. If defendant had accepted the certificate, the bank could thereafter have asserted no claim of any character against the stock. The plaintiff was able to deliver the stock to the defendant upon payment of the balance due on the contract. This was sufficient. Mayo v. Knowlton, 134 N. Y. 250, 31 N. E. 985; Bell v. Ballance, 12 N. C. 391.

No request was made for any instructions as to the measure of damages, and we find no error in the instructions as given.

Order affirmed.