FRANCIS B. TIFFANY v. PETER JOSEPH GIESEN.[1]

December 22, 1905.

Nos. 14,570—(111).

**Pleading—Liability of Stockholder.**

Where the complaint states facts sufficient to establish a stockholder's liability under the constitution, by reason of his ownership of stock at a time when the corporation was in debt and insolvent, such issue is not waived by the additional allegation that the stock had subsequently been transferred in bad faith and without consideration.

**Transfer of Stock.**

Such stockholder was liable upon his stock, notwithstanding the fact that he had subsequently transferred the same in good faith for a valuable consideration, and it was error to dismiss the action at the close of plaintiff's case upon the ground that the evidence was insufficient, and upon the ground that plaintiff abandoned the cause of action in not proving a legal transfer of the stock as alleged.

**Parties to Action.**

The original stockholder was liable in an independent action, and it was not necessary to make the transferee a party. If defendant desired to have him made a party upon the ground that execution might be enforced against him in the first instance, because of his primary liability, application should have been made for such purpose.

Action in the district court for Ramsey county by plaintiff, as receiver of the Capital City Real Estate & Improvement Company, to recover from defendant $5,150, the amount of his constitutional liability as a stockholder in that company. The case was tried before Orr, J., who dismissed the action upon the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*W. H. Yardley* and *F. B. Tiffany,* for appellant.

Assuming that defendant transferred his shares in good faith and that such transfer was regularly entered upon the books of the company, nevertheless his constitutional liability for the then existing indebted-

[1] Reported in 105 N. W. 901.

ness of the company remains unimpaired and unaffected thereby. Const. art. 10, § 3; G. S. 1894, § 2599; Gunnison v. United States Inv. Co., 70 Minn. 292.

In the order of dismissal reference is made to Harper v. Carroll, 66 Minn. 487, in connection with the question of primary and secondary liability. In that case both transferrors and transferees of stock were defendants, and judgment was rendered against both. It was held that the judgment should provide that execution against the transferror should not issue until the transferee had failed to respond to execution against him for his liability for the same stock; but both transferror and transferee were held liable on the stock, and judgment against both was held proper and was sustained. In the present case, where defendant (the transferror) is sued alone on this block of stock, the same rule applies as in the case of an action against the indorser of a note. As between the maker and the indorser, the liability of the indorser is secondary; but the holder of the note may sue the indorser, and cannot be compelled first to exhaust the liability of the maker. If the indorser pays the judgment, he may have recourse against the maker. So here, as against prior creditors, and consequently as against the receiver, the liability of the defendant is absolute, but if he pays the judgment he may have recourse against his transferee. The holding in Harper v. Carroll, that the judgment should provide for successive executions, first against the transferee, and second against the transferror, was controlled by the fact that one judgment for the same block of stock was rendered against both. This action on the other hand, is brought under chapter 272, Laws 1899, which provides, (section 6) that such action "may be maintained against each stockholder severally." It follows that the transferee is not a necessary party. Moreover, even if he had been, the defendant would have waived such objection by failing to raise it by demurrer or answer. G. S. 1894, § 5235.

There was no variance between the pleading and the proof. The allegation of bad faith on defendant's transfer of shares was immaterial and should be treated as surplusage. Plaintiff had a right to abandon the allegation, having pleaded and proved a cause of action independent of it. This principle is elementary. War Eagle v. Nutting, 1 Minn. 201 (256); Gross v. Diller, 33 Minn. 424; Wilson v. Fuller, 58 Minn.

149; Brown v. Doyle, 69 Minn. 543; Rettner v. Minnesota Cold Storage Co., 88 Minn. 352.

*C. D. & R. D. O'Brien,* for respondent, cited Harper v. Carroll, 66 Minn. 487.

LEWIS, J.

This action was brought under chapter 272, p. 315, Laws 1899, for the purpose of recovering from defendant the amount of his liability as a stockholder in the Capital City Real Estate & Improvement Company, an insolvent corporation. The complaint set out the fact that July 12, 1887, respondent owned one hundred three shares of the capital stock of the Capital City Company; that July 7, 1899, the company then being insolvent, defendant transferred his stock to one Edward Borsch; that such transfer was made for the purpose of avoiding his liability as a stockholder for the indebtedness of the company; that the transfer was not made in good faith and was without consideration. The complaint further contained the statement that defendant was liable for the debts of the Capital City Company to an amount equal to the par value of the stock owned by him at the time of the transfer, and that by virtue of an order of assessment duly made defendant was within thirty days required to pay to plaintiff, as receiver, $5,150, the amount of the assessment.

The answer alleged that prior to 1899 defendant for a valuable consideration transferred all of his stock to Edward Borsch, who is now the owner and holder thereof; that such shares of stock were duly transferred on the books of the company; and that at the time of such transfer defendant was not aware of any existing indebtedness of the Capital City Company. The cause went to trial, and at the close of plaintiff's case, on motion of defendant, the court dismissed the action upon the ground that plaintiff failed to establish a cause of action, and upon the ground that counsel for defendant had been misled in preparing for the trial, assuming that the only issue was the validity of the transfer of the stock.

The complaint states a cause of action, based upon the fact that defendant was the owner of the stock at the time of the indebtedness of the company. In Gunnison v. United States Inv. Co., 70 Minn. 292, 73 N. W. 149, the nature of such liability was thoroughly expounded,

and it was clearly held that a shareholder in a corporation cannot affect his constitutional liability for the prior debts of the corporation by a bona fide sale of his stock to a solvent party and a transfer thereof on the books of the corporation. Such was the issue tendered by the complaint, and, although it was additionally alleged that the stock had been transferred to Borsch without a valuable consideration and not in good faith, there is nothing appearing from the complaint itself which warranted the court, or defendant, in assuming that plaintiff intended to abandon it, and rely for ground of relief upon the mere fact that the stock had been transferred without consideration. The answer did not deny the constitutional liability of defendant, but as an affirmative defense alleged that prior to 1899 the stock had been sold and assigned for a valuable consideration and in good faith, and that a transfer had been effected upon the books of the company.

At the trial plaintiff proceeded to introduce evidence sufficient to establish defendant's constitutional liability as a stockholder, and proved that during the existence of the indebtedness of the company defendant was the owner of the stock mentioned. If defendant was misled by the allegations of the complaint, and inadvertently assumed that the only issue tendered was as to the validity of the transfer of the stock, and that he had a good and substantial defense to the claim that he was constitutionally liable, it was incumbent upon him to apply to the court for a continuance of the case, in order to secure time to prepare the defense; but he was not entitled to a dismissal of the action at the close of plaintiff's case upon that ground, or upon the ground that the evidence was insufficient.

Defendant contends that under the rule in Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069, an independent action did not lie against defendant; that the transferee, Borsch, was a necessary party and primarily liable; and that defendant was only secondarily liable, and therefore the action was properly dismissed at the close of plaintiff's case. Conceding the proposition to be true, the question would arise whether defendant should not have raised it by demurrer or answer. But the rule in Harper v. Carroll has no application to this case, as it is presented on this appeal. There all the parties, transferrors and transferees of the stock, were before the court in assessment proceedings, and, judgment having been entered against them all, the court, as an

incident to the enforcement 'of the liability, directed that execution issue in the first instance against the transferees in the order of transfer. There is nothing in that case to indicate that it was the intention to lay down the rule that in a case like this a separate action will not lie against the original holder. It might have been more convenient for respondent if Borsch were a party to the action, in order that execution might be ordered to issue first against the party primarily liable, and doubtless the trial court, on proper application would cause such action to be taken; but it was not incumbent upon plaintiff, in the first instance, to make him a party.

Order reversed.