MARSHALL FIELD & COMPANY v. EVANS, JOHNSON, SLOANE & COMPANY.[1]

November 6, 1908.

Nos. 15,836—(66).

**Who Is Liable as Stockholder.**

One to whom corporate stock has been transferred as collateral security, but who appears upon the books of the corporation as the general owner thereof, is liable as a stockholder for the debts of the corporation. Where, however, shares of stock are transferred to a party as collateral security, and they are so registered in the stock record of the corporation, whereby his true relation to the stock appears, he is not liable as a stockholder for the debts of the corporation.

[1] Reported in 118 N. W. 55.

**Findings Sustained by Evidence.**

> The findings of fact herein, to the effect that the shares of stock here in question were issued by the corporation to the respondent as collateral security for the payment of a debt due to it by the corporation, and the fact that the stock was so issued and held was duly entered in the stock record of the corporation, are sustained by the evidence. The trial court did not err in denying appellant's motion to amend such findings.

Defendant corporation becoming insolvent Charles E. Hamilton was appointed receiver of its property in an action in the district court for Ramsey county, and given express authority to enforce the constitutional liability of its stockholders by means of an assessment ordered pursuant to Laws 1899, c. 272. The court having made its order requiring creditors to present their claims Loeb & Schoenfeld Company intervened, and filed its complaint setting up its claim for a sum in excess of $19,000, to which the receiver and plaintiff interposed an answer that claimant was the holder of fifty shares of capital stock of defendant and liable to the creditors in the sum of $5,000. The written words on the stub of the certificate book, referred to in the opinion, were in the handwriting of the secretary of the corporation. The matter was tried before Hallam, J., who made findings allowing the claim of intervener in the sum of $18,957.18. From this order plaintiff and receiver appealed. Affirmed.

*James E. Trask* and *E. H. Morphy,* for appellants.

*Walter L. Chapin,* for respondent.

START, C. J.

The plaintiff duly recovered a judgment in the district court of the county of Ramsey sequestrating the property of the defendant, an insolvent corporation organized under the laws of this state, and appointing the appellant as receiver thereof, with authority to enforce the liability of its stockholders for its debts. The respondent, a corporation and creditor of the defendant, presented by its complaint its claim, amounting to some $19,000. In answer to this complaint the receiver asserted a claim amounting to $5,000 against the respondent on account of its alleged liability for an assessment on fifty shares of the capital stock of the defendant, which the answer alleged were issued and delivered to the respondent as collateral security for the

payment of a note for $5,000 and the indebtedness represented thereby. The reply was, in effect, a denial of any liability on the part of the respondent as a stockholder and the issuing of any stock. to it.

The findings of fact of the trial court, so far as they relate to the appellant's claim, as receiver, to recover the amount of the alleged stock liability, are substantially as follows: On July 15, 1904, the defendant was indebted to the respondent intervener in the sum of $5,000, which was evidenced by a promissory note executed for that amount by the defendant to the respondent, no part of which has ever been paid, except the sum of $1,028.50. On the same day the defendant issued and delivered to the respondent its certificate for fifty shares of its stock as collateral security for the payment of such note. Upon the issuance of the stock an entry was made in the stock book or certificate stub book of the defendant company, by the person duly authorized to make such entries, in words and figures as follows:

*Issued for Collateral Security for note of even date for $5000.00. W. E. J.*

Certificate

No. 58

for 50 Shares

Issued to

*Loeb & Schoenfeld Co.*

*451 Broadway.*

Dated July 15, 1904.

From whom transferred:

. . . . . . . . . . . . . . . . . . . . . . . ,

The words above italicized were entered in writing, and the balance of the entry constituted the printed portion of the stub. No other entry of the issuance of the stock was at any time made upon any of the books of the defendant company. A large amount of the indebtedness of the defendant which is still unpaid was incurred after July 15, 1904.

As a conclusion of law the court directed judgment allowing the respondent's claim in full.

The appellant moved the court to amend its findings to the effect that the certificate for the fifty shares of stock was absolute on its

face, and ever since the issue of such shares they have stood of record on the books of the defendant in the name of the respondent, whereby it became and now is the legal holder of such shares. The motion was denied, and judgment entered allowing the respondent's claim, but not that of the receiver. He appealed from the judgment.

1. The first question raised by appellant's assignments of error is that the trial court erred in denying its motion to amend its findings of fact as requested. If the stock was issued to the respondent by the defendant simply as collateral security for the payment of its promissory note to the respondent, and such fact appeared upon the face of the stock record of the defendant, it is immaterial in this case what the terms of the certificate were. Again, the certificate was not in evidence, and there was no evidence which would require a finding that the certificate did not conform to the entry in the defendant's stock record. Nor was the court required to find that the respondent was the owner and record holder of the legal title of the shares of stock. The court found all the evidentiary facts relevant to the question whether respondent was such owner of record, or whether such record showed that the respondent was holding the stock as collateral security for the payment of its note. The necessary inference from such facts is that the respondent held the stock as pledgee for such purpose, and not otherwise, and that a sufficient entry thereof was made in the stock record.

It is, however, urged on behalf of the receiver that the record entry must be construed as simply showing the purpose for which the stock was issued, and not the terms upon which the respondent held it; that the entry does not show for whose indebtedness the stock was issued, nor the name of the pledgee. Entries of this kind must be liberally construed with reference to well-understood business methods, and they are sufficient if they fairly advise creditors of the conditions and terms upon which the stock is held. So construed, the entry in question is sufficient; for it appears upon its face that the stock was issued to the respondent, Loeb & Schoenfeld Company, the pledgee, as collateral security for a note of the corporation issuing the stock for $5,000.

It is further urged that the finding of the trial court that the stock was issued to the respondent as collateral security is not sustained

by the evidence. Upon a consideration of the record, we hold that the evidence sustains the findings of the trial court.

2. The other assignments of error raise the question whether the trial court erred in its conclusion of law that the respondent is not liable as a stockholder of the defendant to its creditors; or, in other words, the question is whether a party is liable as a stockholder for the debts of a corporation to whom it issues its stock as collateral security for the payment of its debt to him, where the fact that it is so issued and held is entered in the stock record of the corporation. It is well settled that one to whom corporate stock has been transferred in pledge or in trust, or as collateral security for money loaned, but who appears on the books of the corporation as the general owner thereof, is liable as a stockholder for the debts of the corporation. State v. Bank of New England, 70 Minn. 398, 73 N. W. 153, 68 Am. St. 538.

One reason for this rule, perhaps the best one, is that a party so holding himself out to the public as the general owner of the stock is estopped from denying his liability to creditors who have not been advised to the contrary by the stock record of the corporation. In McMullan v. Dickinson Co., 63 Minn. 405, 65 N. W. 661, 663, it was held that a pledgee of corporate shares of stock does not become a stockholder in a corporation, as between himself, the pledgor, and the corporation, by simply receiving the shares as collateral security; nor does the pledgor part with his ownership of the shares, nor is he divested of his rights as a stockholder, by merely pledging them as security for the payment of his debt. In the case at bar the pledgor was the corporation; hence the corporation remained the general owner of the shares of stock, which fact appeared upon its stock record. Hershey v. Welch, 96 Minn. 145, 104 N. W. 821.

Where, as in this case, the stock record shows the true relation of a party to the stock transferred to him, the case does not fall within the reason of the rule as to the liability of a pledgee of stock who appears upon the stock record to be the general owner thereof. We therefore hold, upon principle and authority, that where shares of stock are transferred to a party as a pledge, or as collateral security, and it is so registered in the stock record of the corporation, he is not liable as a stockholder for the debts of the corporation. This was

impliedly decided in the case of Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069, wherein this court held that, where a pledgee of stock registered it on the books of the corporation as transferred to him absolutely, he voluntarily made himself a stockholder, and that he was liable as such for the debts of the corporation. In that case the liability of the party was based upon the fact that the stock register showed that he was the absolute owner of the stock, and the necessary inference is that he would not have been liable if the stock record had disclosed his true relation to the stock.

It is urged by the receiver that all of the cases holding that the pledgee of stock is not liable for the debts of the corporation if the stock register shows such fact are based upon statutes expressly so providing. This seems to be a misconception of the adjudged cases construing statutes providing that no person holding the stock of a corporation as collateral security shall be liable for the debts of the corporation; for in such cases the question was not whether a person so holding stock would, in absence of any statute, be so liable if the stock register disclosed his true relation to the stock, but it was whether, in view of the statute, he would be liable if the certificate and stock register showed that he was the absolute owner of the stock. See Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359.

It follows that the conclusion of law of the trial court, that upon the facts found respondent was not liable as a stockholder of the corporation for its debts, was correct.

Order affirmed.