## HAMILTON v. LEVISON.

### (Circuit Court, S. D. New York. October 13, 1911.)

1. CORPORATIONS (§ 563*)—INSOLVENCY AND RECEIVERS—ENFORCEMENT OF LIABILITY OF STOCKHOLDERS—EFFECT OF DECREE MAKING ASSESSMENT.

A decree of a state court entered on petition of a receiver for a Minnesota corporation containing a list of its stockholders and stating the amount held by each, which decree provides that an assessment of $100 shall be assessed "upon or against the persons or parties liable as stockholders of said defendant," constitutes an assessment against each stockholder named in the petition who has made default, and, if the court had jurisdiction, under Laws Minn. 1899, c. 272, § 5, is conclusive "as to all matters relating to the amount of and the propriety of and necessity for the said assessment."

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2280, 2280½; Dec. Dig. § 563.*

Rights and liabilities of pledgees of stock, see note to Frater v. Old Nat. Bank of Providence, R. I., 42 C. C. A. 135.]

---

**2. CORPORATIONS (§ 244*)**—INSOLVENCY AND RECEIVERS—STATUTORY LIABILITY OF STOCKHOLDERS—PLEDGE OF STOCK.

Under the law of Minnesota a pledgee of stock of a corporation whose name is unconditionally entered on the books as a stockholder is liable to assessment at least for debts incurred while his name so remains on the books, and such liability may be enforced under Laws Minn. 1899, c. 272, on the insolvency of the corporation at any time thereafter.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 960–977; Dec. Dig. § 244.*

Liability of transferrors and transferees of corporate stock for assessment, see note to Campbell v. American Alkali Co., 61 C. C. A. 322.]

At Law. Action by Charles E. Hamilton, as receiver, against Benno Levison, Jr. On motion by plaintiff for directed verdict. Motion granted.

James E. Trask, for plaintiff.
Charles H. Fuller, for defendant.

HAND, District Judge. There are two material questions in this case: First, did the decree of the Minnesota court purport to assess the defendant in respect of his stock? Second, did that court have jurisdiction over him? If both these questions are answered in the affirmative, none of the other objections of the defendant are good, because in such case he may not raise collaterally any irregularities in the Minnesota proceedings. For example, it is of no consequence. even if his assessment ought to have been limited to a sum sufficient to pay the debts incurred while he was a stockholder, or if he was only secondarily liable in any case, because all such questions are necessarily before the court which makes the assessment, and, if that court once acquired jurisdiction, its decision of them is final, whether it is right or wrong. The defendant's only relief in such a case was to appear in that proceeding, or, if he was already in default, to apply for a reopening of the decree of assessment. Section 5 of the act of 1899 (Laws 1899, c. 272) provides that the assessment shall be conclusive "as to all matters relating to the amount of and propriety of and necessity for the said assessment." All that is open to dispute is that the defendant is not a stockholder at all, or that he does not hold as many shares as is alleged, or that he has discharged his liability, or that he has a counterclaim or personal defense. Straw, etc., Co. v. L. D. Kilbourne, etc., Co., 80 Minn. 125, 83 N. W. 36. This is also the effect of Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163.

[1] The first question therefore is whether the true meaning of the decree is that the defendant shall be assessed $100 on 30 shares of stock. The decree is informal, but its meaning is plain, I think. The words are that an assessment of $100 shall be assessed "upon and against the persons or parties liable as stockholders of said defendant for, upon and on account of such shares of stock." It is quite true that the decree nowhere says who the stockholders are that are liable; but the receiver's petition states them in detail and so does the

original complaint in the action. In each of those pleadings the defendant appears as a stockholder who is liable, and the decree certainly must be read with the whole roll. No one taking up the roll as a whole and remembering that the decree was entered upon a default can fail to understand the defendant to have been included within the term "stockholders liable." The petition alleged that the defendant was and now is a stockholder. Upon a default this must be taken as pro confesso, and amply supports the decree, so that its meaning is perfectly apparent. Moreover, the decree follows the statute, and in several of the cases in Minnesota the decree was in precisely the same words as this; e. g., Bernheimer v. Converse, supra. It is urged that the allegations of the petition as to the defendant's holdings are incorrect; but that is of no consequence, for the only material consideration here is as to the meaning of the decree. I agree that the plaintiff must prove the fact of stockholding dehors the record, and that the roll is not an estoppel of itself alone. But even if the facts are incorrectly alleged, the decree is none the less conclusive upon the propriety and necessity for the assessment, if the defendant was in fact under a stockholder's liability. There can be no doubt therefore that the decree does purport to assess the defendant upon 30 shares of stock and as a stockholder.

[2] The next question is whether there actually existed these jurisdictional facts, and to determine this I may not look at the record at all. If there was any jurisdiction, it was because the defendant was a stockholder in the sense contemplated by the statute. I shall assume to be true, without deciding, the story as he gives it, which is that he accepted the stock as collateral to a claim against the company; that he never signed any subscription paper; that the claim was subsequently paid; and that he then in good faith delivered up the certificate for cancellation. On the other hand, it is conceded that he accepted and kept a certificate for 30 shares in his own name from April 23, 1902, until August 18, 1904; that his name was duly entered upon the stock register during that period without any qualifying words; and that during that period there were incurred some debts which were not paid at the time of the decree here sued upon. Upon these facts he became and remained liable under the Minnesota statute for those debts until they were paid. Gunnison v. U. S. Investment Co., 70 Minn. 292, 73 N. W. 149. Nor does the amount of this liability in the least affect the jurisdiction of the Minnesota court to bring him before it without personal service. Even if it be necessary to that jurisdiction that at least some debts so incurred remain unpaid, which I do not mean to decide, in this case there were some, and their amount is of no consequence now, though it was of the greatest consequence in that court when the question arose of the extent of the defendant's liability. Assuming, therefore, as I must, that he was liable to some extent at least secondarily, his was a liability in substance like that of any other stockholder and conferred an equal jurisdiction on the Minnesota court. The assessment proceedings, once instituted regularly under the statute, therefore became

as conclusive upon him in the respects mentioned as any other adjudication without any other service than what the statute provided.

However, he insists that, as he held the stock only as collateral, he is not liable. Had that fact been noted upon the stock book, it would apparently have freed him from liability. Marshall Field & Co. v. Evans, Johnson, Sloane & Co., 106 Minn. 85, 118 N. W. 55, 19 L. R. A. (N. S.) 249. At least it would have required me to consider the truth of the testimony regarding his subscription to the stock. But it was not so entered, and it is settled in Minnesota that a pledgee whose name is unconditionally entered as a stockholder is liable under the statute. State v. Bank of New England, 70 Minn. 398, 73 N. W. 153, 68 Am. St. Rep. 538. It is not pertinent to inquire into the principle of the distinction because the decisions of the Supreme Court of Minnesota are authoritative upon the question.

Therefore the defendant was liable from the time when he actually accepted the stock, and when, as a natural result of that acceptance, his name was entered unconditionally as a stockholder. He could only escape such liability by seeing to it that the character of his holding appeared upon the books of the corporation. Moreover, he remained liable until at the earliest his name was struck off, if it can be said to have been struck off by the entry made after he delivered up the stock. The intermediate liability between these two dates did not expire at the end of one year, as in the case of the liability of bank stockholders, in Minnesota, but it endured and was open to assessment when the corporation became insolvent. It could form the basis of a jurisdiction, not personal, quite as much as though he remained a stockholder at the time of the insolvency. The amount, propriety, and necessity of the assessment are all concluded by the decree under section 5 above mentioned. The plaintiff has shown that there was an existing liability on 30 shares and that is all that he need do.

I direct a verdict for the plaintiff for $3,000, with interest.