## CHARLES M. WAY v. EDWIN S. MOOERS.[1]

January 12, 1917.

Nos. 19,994—(141).

**Corporation — constitutional liability of stockholder.**

1. The sale and transfer of his stock does not release a stockholder from the liability imposed upon him by the Constitution for debts of the corporation existing while he was a stockholder.

**Same — after sale and transfer of capital stock.**

2. In such case his liability is secondary to that of the transferee, and the liability of both is secondary to that of the corporation, and he is in a sense a surety for such debts.

**Payment of antecedent debt by promissory note — burden of proof.**

3. A promissory note given for an antecedent debt does not discharge the debt unless expressly given and received as absolute payment, and the burden of proof is upon the party asserting the fact to show that it was so given and received. That fact was not shown in this case.

**Corporation — extension of time by creditor without consent of stockholder.**

4. A valid extension of time granted by a creditor to the corporation without the consent of a stockholder who has previously transferred his stock, releases such stockholder from his liability for the debt. But the burden is upon the stockholder to show that such extension was made without his consent, and in the present case there is no evidence that such was the fact.

Action in the district court for Ramsey county by the receiver of the Winslow Furniture & Carpet Company to recover $7,000 assessment upon defendant's shares of stock in that company. The facts are stated in the opinion. The case was tried before Michael, J., who when plaintiff

[1]Reported in 160 N. W. 1014.

Note.—On the question of liability of former stockholder for debts of corporation as affected by renewal after transfer of stock, see note in 1915B 168.

rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

James E. Trask and John M. Bradford, for appellant.

B. H. Schriber, for respondent.

TAYLOR, C.

The Winslow Furniture & Carpet Company was adjudged a bankrupt in October, 1908, and its assets were converted into money and the proceeds distributed to its creditors in the bankruptcy proceedings. After the company had been declared a bankrupt, proceedings were brought in the district court of Ramsey county to enforce the liability imposed by the Constitution upon the stockholders of the company, and resulted in an assessment against those liable as stockholders of an amount equal to the full par value of the stock. Those liable therefor were required to pay the assessment within 30 days, and the receiver was directed to bring suit against any and every person so liable who failed to make such payment. The receiver brought this suit against defendant to collect the assessment against 70 shares of the stock, of the par value of $7,000, for which defendant is alleged to be liable. At the close of plaintiff's evidence, the trial court dismissed the action. Plaintiff appealed from an order denying a new trial.

As the action was dismissed on the ground that the evidence would not justify a recovery against defendant, we must consider the evidence from the point of view most favorable to plaintiff.

The evidence shows the following facts: Defendant acquired 70 shares of the capital stock of the company in April, 1905, and held them until April, 1906, when he sold and transferred them to Irving M. Winslow, and the transfer was duly entered upon the books of the company. At this time the company was a going concern and had ample property to pay all its obligations. It was indebted to the St. Paul National Bank, however, upon promissory notes aggregating the sum of $20,000. These notes became due shortly after defendant transferred his stock. They were not paid, but short time notes were given in renewal thereof, and the original notes were stamped paid and surrendered to the company. Thereafter the St. Paul National Bank seems to have been consolidated with the Capital National Bank, and the renewal notes were trans-

ferred to the latter bank. When they became due they were not paid, and new short time notes were given to the Capital National Bank in renewal thereof, and the past-due notes were stamped paid and surrendered to the company. This process was repeated every few months until the company became insolvent some two years later. At the time the company was declared a bankrupt, the amount due the bank upon the renewal notes then held by it far exceeded the par value of the stock which defendant had owned. The indebtedness evidenced by these renewal notes is the only indebtedness of the company now existing which is claimed to have existed at the time defendant disposed of his stock.

That defendant was liable for the original debt which existed while he was a stockholder, and that the sale and transfer of his stock did not release him therefrom is well settled. Gunnison v. United States Inv. Co. 70 Minn. 292, 73 N. W. 149; Tiffany v. Giesen, 96 Minn. 488, 105 N. W. 901.

In support of the ruling of the trial court defendant contends: (1) That the action of the bank in taking the several sets of renewal notes and canceling and surrendering the old notes together with the transfer of the notes from one bank to another, operated to pay and extinguish the original debt; (2) that he stands in the position of a surety, and, if the original debt has not been extinguished, that he has been released from liability therefor by the extensions of time granted by the bank to the corporation.

"A promissory note given for an antecedent debt does not discharge the debt, unless expressly given and received as absolute payment; and the burden of proof is upon the party asserting the fact to show that it was so given and received, the presumption being to the contrary." Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923. This rule has been followed and applied ever since that decision. See State Bank of Isanti v. Mutual Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082, and cases cited therein. The evidence in the present case does not show—certainly not conclusively—that the renewal notes were given or received as payment of the debt.

After defendant transferred his stock, the liability imposed upon the holder on account of such stock rested primarily upon the transferee. While defendant was not released from liability for the then existing

debts of the corporation, his liability therefor became secondary to that of the transferee, and the liability of both was secondary to that of the corporation. Richardson v. Merritt, 74 Minn. 354, 362, 77 N. W. 234, 407, 968; Willius v. Mann, 91 Minn. 494, 502, 98 N. W. 341, 867; Lagerman v. Casserly, 107 Minn. 491, 120 N. W. 1086, 23 L.R.A. (N.S.) 673, 131 Am. St. 506; Northwestern Trust Co. v. Bradbury, 117 Minn. 83, 134 N. W. 513, Ann. Cas. 1913D, 69; Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069.

Defendant being only secondarily liable, his position was in a sense that of a surety, and a valid extension of the time for payment made without his consent operated to release him. Leithauser v. Baumeister, 47 Minn. 151, 49 N. W. 660, 28 Am. St. 336; Travers v. Dorr, 60 Minn. 173, 62 N. W. 269. That the renewal notes extended the time for payment is beyond question. That such extension was prejudicial to defendant is clear. It is admitted that the corporation was solvent when defendant transferred his stock, and there is no claim that it was not still solvent when the notes matured a few weeks later. If solvent, the debt could have been collected from the corporation without recourse to defendant. If defendant's liability therefor had been enforced, he had recourse against his transferee and was also entitled to be subrogated to the rights of the creditors to the extent necessary to enable him to enforce contribution from any stockholder who had failed to pay. G. S. 1913, § 6651. But an extension of the time for payment does not release a surety, or one secondarily liable, unless made without his consent, and the burden is upon him to prove such lack of consent. There is no presumption in his favor. State Bank of Isanti v. Mutual Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082, and cases cited therein. In the present case there is no evidence as to whether defendant did or did not consent to the extensions, and hence the record fails to show that he had been released in consequence thereof. For the reason that the evidence does not establish payment of the debt, nor that the extensions were made without defendant's consent, the order is reversed.