## WAY v. MORTENSON.

(Circuit Court of Appeals, Eighth Circuit. May 31, 1917.)

No. 3997.

COURTS ☞366(7)—FEDERAL COURTS—DECISIONS OF STATE COURTS AS AUTHORITY.

Where an insolvent corporation was under administration in a state court, and in a suit against a former stockholder to enforce his double liability under the Constitution and statutes of the state the state court held that extensions of the indebtedness after he transferred his stock with knowledge of the transfer and without his consent released him from liability, such holding would be followed by a federal court in a suit against another former stockholder.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by Charles M. Way, as receiver of the Winslow Furniture & Carpet Company, against Alfred Mortenson. Judgment for defendant, and plaintiff brings error. Affirmed.

James E. Trask, of St. Paul, Minn (John M. Bradford, of St. Paul, Minn., and Davis & Lyon, of Sioux Falls, S. D., on the brief), for plaintiff in error.

Bishop H. Schriber, of St. Paul, Minn. (Aikens & Judge, of Sioux Falls, S. D., on the brief), for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The Winslow Furniture & Carpet Company is an insolvent Minnesota corporation. Defendant was the owner of 32½ shares of its capital stock from April 19, 1905, to February 24, 1906. At the latter date he sold and transferred his stock. The company was then a solvent, going concern. It continued in business until October, 1908, when it was adjudged a bankrupt under the federal Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544). The creditors received about 23 cents on the dollar. After bankruptcy proceedings were closed a sequestration suit was commenced by creditors under the statutes of Minnesota, to impound any estate owned by the corporation, and to enforce the stockholders' double liability fixed by the Constitution and statutes of the state. In that suit plaintiff was appointed receiver, and judgment was entered assessing the stock 100 per cent. The petition for the assessment alleged that the defendant was a stockholder to the extent of 32½ shares, and prayed that an assessment of 100 per cent. be imposed for the benefit of creditors. The petition further set forth that, of the claims of creditors allowed by the court, $25,000 accrued prior to defendant's becoming a stockholder. The decree allowing claims expressly fixed the amount of each claim and the date when the indebtedness represented thereby arose. Notice of each step in the proceeding was given to stockholders by publication, and also by mailing, and the proof shows the mailing of

such notices to defendant. The decree in this parent suit does not attempt to fix the amount of the liability of the several stockholders except in general terms. Its language is as follows:

"That each and every person or party liable as such stockholder of said defendant, or on account of any of the capital stock of said defendant, pay to said Charles M. Way, as receiver of said defendant, at his office in the city of Minneapolis, Hennepin county, Minnesota, within thirty days after the date of this order, the sum of one hundred dollars ($100) for and on account of each and every share of said stock for or upon which said persons, or parties are liable as past or present stockholders of said defendant, under the terms of this order, and hold the amounts thus collected until the further order of this court herein."

After the decree had been entered in the parent suit, as above set forth, the present suit was brought against defendant in the United States District Court of South Dakota to enforce the payment of his liability as a stockholder. The bill sets out the proceedings in full. The answer admits ownership of the stock at the dates named. It also alleges:

"That all the indebtedness of the said the Winslow & Ruff Furniture & Carpet Company, existing at the time defendant sold and delivered his stock in said company, as aforesaid, has since been paid or renewed and extended, and that the creditors so renewing and extending said indebtedness had at the time thereof notice of the sale of defendant's stock in said company, and that he had severed his connection therewith."

A jury was waived. The court made a general finding "of all the issues in said action in favor of the defendant," and dismissed the complaint upon the merits, with costs. Plaintiff brings error.

While defendant was a stockholder the corporation was indebted to the St. Paul National Bank upon promissory notes aggregating the sum of $20,000. These notes became due a short time after defendant transferred his stock. With knowledge of the transfer the bank renewed the notes, surrendering the old notes, taking new ones for a short period. Afterwards that bank was consolidated with the Capital National Bank, and the notes passed to it as a part of the consolidation. They were repeatedly renewed with knowledge that the plaintiff had transferred his stock. The trial court was of the opinion that defendant, after the transfer, occupied the position of a surety, and that these repeated extensions of the indebtedness, without his consent, had the effect to release him from his liability as a stockholder. That was one of the grounds upon which the court acted in dismissing the suit. If that ruling is sound, the judgment should be affirmed.

While the present case has been pending in this court, a case involving identically the same question between the plaintiff and another stockholder by the name of Mooers has been pending in the Supreme Court of Minnesota. Since the case was argued and submitted, the Supreme Court of the state has handed down its opinion. Way, Receiver, v. Mooers (Minn.) 160 N. W. 1014. This decision is in harmony with previous rulings of the court, so that plaintiff cannot claim any vested right that will be disturbed. The case turns upon an interpretation of the state law and Constitution. The corporation is under administration in the state court. For these reasons, our "duty to lean to

an agreement with the state court" (Kuhn v. Fairmount Coal Co., 215 U. S. 349, 360, 30 Sup. Ct. 140, 54 L. Ed. 228) is unusually strong.

Upon the authority of the state decision, therefore the judgment below is affirmed.