FRANK C. FRY v. MARY A. PATTERSON.

*A promissory note given for a debt, and notes given in renewal, merely extend the credit, and do not, unless paid, discharge the debt, or give any ground of defence to a suit founded on the original cause of action.*

*Certiorari* to Monmouth Pleas.

Argued at February Term, 1887, before Justices KNAPP and DIXON.

For the plaintiff, *W. H. Vredenburgh.*

For the defendant, *R. T. Stout.*

The opinion of the court was delivered by

KNAPP, J. The plaintiff in *certiorari* attacks a judgment recovered against him and Frank P. Gale by the defendant in *certiorari*, in the Court of Common Pleas of Monmouth, on an appeal from a like judgment rendered in a court for the trial of small causes. These facts, which are the foundation of the judgment, appear in the state of the case. The plaintiff in *certiorari* and Frank P. Gale, trading as partners, under the firm name of F. P. Gale & Co., were, on the 1st day of September, 1881, indebted to the defendant in *certiorari* for a balance of an account, and on that day gave the firm note, payable in one month from its date, to their creditor for the amount so due. The defendant procured the note to be discounted in bank, and received the proceeds. The firm failed to pay the note at maturity, and gave a note at three months, in renewal of the first, which, with defendant's endorsement, passed to the bank. On the day of the date of the second note the partnership was dissolved, and notice given of the dissolution. When the renewal note became due, Gale asked for a further renewal, and presented to the defendant a new note at three months, bearing the firm name

:as maker, but this note was given without the knowledge of the other partner. By mistake or design of Gale, the note was drawn for $100 more than the note which it was designed to renew. The defendant failed to observe the error in amount, endorsed it, and Gale handed it over to the bank ; had credit for it at the bank in the firm account, and the old note was charged against that account. This last note was dishonored, and the bank recovered a judgment against all the parties to the note except Fry. The defendant in *certiorari* paid the judgment.

Fry's defence to the suit was probably based upon the unauthorized use of the firm name.

From this train of facts, the prosecutor of this suit contends that payment of the debt is shown, and therefore the judgment against him is erroneous. But to us his claim seems not founded on any sound basis. He, with his former partner, is sued upon the original cause of action. It is conceded that the debt was legally due from the firm of F. P. Gale & Co. to this defendant. The debt has not been paid by them, or either of them, in money or property, to the defendant, or to any person for her use. She has never released the partners from the debt, and neither of the notes given for the debt was received under an agreement that it should be in payment of the debt.

The giving of a note for a debt is not a payment. It merely extends the credit until the note matures. If the note is not paid, the creditor has his election to sue upon the note or the original cause of action.

This rule is too well established to need citation of authorities in its support.

The case is clearly within this principle. The defence of payment has no support in fact or legal effect. That the defendant procured the first note to be discounted is a circumstance of no moment. She became liable, on her endorsement, to pay the note, if the makers failed to meet it at maturity, and that liability was ultimately enforced against her. The case is unaffected by the number of renewals by

paper unpaid at maturity. The defence of payment cannot: be predicated upon any number of unkept promises to pay. It is equally immaterial that the second renewal note was executed in the partnership name by one of the partners, without the knowledge of the other, and after dissolution. It might have been valueless, as a contract, to extend the credit of the firm. It was not received as the note of one of the firm, under an agreement that it should be payment of the partnership indebtedness. Besides, the defendant was a dealer with the firm, and when she took this note had no notice that the partnership had been dissolved. Nor can the manner in which the bank made its entries in its books of the note transactions affect the defendant. She was not responsible for entries without her knowledge, which did not portray the real transaction of the parties. The entries were not unusual. But, if otherwise, the defence of payment must be construed out of better substance than mere book-keeping.

No error appears in this judgment, and it is affirmed, with costs.