COMBINATION STEEL & IRON COMPANY *vs.* ST. PAUL CITY RAILWAY COMPANY, impleaded, etc.

September 1, 1891.

Payment by Promissory Note, when merely Conditional — Effect of Recital of such Payment in Receipt.—The acceptance of a note "for," or "on account of," or "in payment of," an existing debt, in the absence of an express agreement or understanding that it is taken in satisfaction or discharge of the debt, is to be understood and interpreted as a conditional payment only.   The mere recital in a receipt or other writing of the fact of payment by note is not, by itself, sufficient evidence of absolute payment, and that the creditor assumes the risk of its being paid, but is upon the implied understanding that the note will be paid, and only shows that when paid it shall be a discharge of the original debt.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial after judgment ordered for defendant in an action to enforce against defendant's railway a lien for material (steel rails) to the amount of $3,349.57, furnished by plaintiff to the New York Cable Railway Construction Company for use, and used by it, in the construction of one of defendant's lines of railway.   The answer pleaded, among other things, payment by the railway construction company to the plaintiff.

*Eller & How,* for appellant.

*Henry J. Horn,* for respondent.

VANDERBURGH, J.   The plaintiff sold and delivered to the New York Cable Construction Company a certain quantity of steel rails used by the latter in the construction of defendant's railway, and claims a

lien for a balance due, upon the works and structures of the railway company. The material in question was all delivered and used by the defendant, and was settled for by the construction company, and receipted for in general terms by the plaintiff. At the trial the receipts were introduced, and thereupon it was shown that, instead of being paid in money, the plaintiff received the note of the construction company for $3,349.57, payable in 35 days, and dated October 3, 1887, with interest. It also appears that an action was brought by the plaintiff against the construction company in December, 1887, for damages (which were unliquidated) for its refusal to accept other rails tendered by plaintiff under the contract. The complaint recites, by way of explanation, that under the contract "all but 1,257 pieces have been delivered and paid for in cash or by note." It appears from the evidence that the construction company was short of money at the time the settlement by note was made, though the plaintiff expected to receive the money which was due them. The agent of that company, however, represented that it would have funds to pay the debt in 30 days, and for its accommodation the plaintiff consented to receive the note in question, running 35 days. It is not shown, and it will not be presumed, in the absence of further evidence, that the note was taken in absolute payment and discharge of the original indebtedness.

It is the well-settled common-law rule that the acceptance of a contract or security of equal degree is of itself no extinguishment of a prior debt, and the taking of a promissory note payable *in futuro* merely suspends the right of action until the note is due. In some of the states (Massachusetts and Maine) the acceptance of a note for or upon an existing indebtedness is *prima facie* evidence of satisfaction, but the generally accepted doctrine, and the rule followed in this state, is to treat it merely as conditional payment, as in the case of payment by check, and not an absolute discharge and satisfaction of the prior debt, unless it is expressly so agreed. *Geib* v. *Reynolds*, 35 Minn. 331, (28 N. W. Rep. 923;) *The Kimball*, 3 Wall. 37. The nature of such a transaction is very clearly and accurately stated by the court in *Tobey* v. *Barber*, 5 John. 68, as follows: "It is a rule well settled and repeatedly recognized in this court that taking a

note either of the debtor or of a third person, for a pre-existing debt, is no payment unless it be expressly agreed to take the note as payment and to run the risk of its being paid, or unless the creditor parts with the note, or is guilty of laches in not presenting it for payment in due time. He is not obliged to sue upon it. He may return it when dishonored, and resort to his original demand. It only postpones the time of payment of the old debt until a default be made in the payment of the note." The receipt of a note in "settlement of a debt," "for or on account of a debt," or "in payment of" the same, is to be accounted substantially the same thing. In either case it is upon the implied understanding that the note will be paid, and that the maker is solvent. *Glenn* v. *Smith*, 2 Gill. & J. 493. No other or different effect can be given to the evidence in this case. The mere recital of payment of the balance of the account in cash or by note in the complaint in the former suit is no stronger than a recital in a receipt of payment by note, (which means a conditional payment,) and is no stronger evidence of an agreement to take the note in satisfaction, and should receive a similar interpretation. Such a receipt is designed, not to show "that the original debt is absolutely paid, but only as evidence that the note, when paid, shall be a discharge of the original debt, by showing for what it was given, and thus preventing a recovery on both causes of action." *Eastman* v. *Porter*, 14 Wis. 39, 47. If the original debt in this case had been secured by mortgage, as it is claimed to be by a lien, the evidence would hardly be held sufficient to affect a discharge of the mortgage on the ground that the debt secured was paid.

Order reversed.

GILFILLAN, C. J. I dissent. The receipts of plaintiff and the admission of payment in its complaint in the action against the construction company made a *prima facie* case of payment, which I do not think was so far rebutted by the other evidence as to make it error for the court below to find in favor of payment.