FRANCIS W. NOYES v. AMERICAN FREEHOLD LAND MORTGAGE COMPANY and Others.[1]

January 5, 1906.

Nos. 14,526—(134).

**Statute.**

Section 4228, G. S. 1894, is a registry law.

**Appointment of Receiver—Notice.**

When a duly certified copy of an order appointing a receiver of an insolvent is filed in the office of the register of deeds, as provided in that section of the statute, it is notice of the fact of the receivership to all parties who thereafter deal with lands of the insolvent situated in the county.

Action of ejectment in the district court for Red Lake county.  The case was tried before Watts, J., who found in favor of defendants.  From a judgment entered pursuant to the findings, plaintiff appealed.  Reversed.

[1]Reported in 105 N. W. 1125.

*Morton Barrows,* for appellant.

*W. A. McIntyre,* for respondents.

ELLIOTT, J.

On January 30, 1897, M. L. Countryman was appointed by the district court of Ramsey county receiver of F. T. Day, and directed to take possession of all the property of the insolvent in the state of Minnesota. A duly certified copy of the order appointing Countryman was filed in the office of the register of deeds of Red Lake county on October 4, 1898. On March 12, 1902, while the receivership was still in force, F. T. Day and wife quitclaimed certain land situate in Red Lake county, and the defendants in this action claim by mesne conveyances under this deed. On May 23, 1903, M. L. Countryman, as receiver of F. T. Day, conveyed this land to Francis W. Noyes, the plaintiff herein, by sufficient and proper deed, and the sale and conveyance was thereafter duly confirmed by the district court of Ramsey county. The defendants being in possession, the plaintiff brought this action in ejectment to recover the land, upon the theory that the title in fee passed to him by the receiver's deed. The defendants, on the other hand, contend that they acquired the title by mesne conveyances through the deed executed by Day while he was insolvent and during the receivership. It is admitted that none of the defendants had other or further notice of the plaintiff's title or claim to the lands than was furnished by the public records of Red Lake county. The trial court ordered judgment in favor of the defendants, and the appeal is from the judgment.

The record thus presents but one question for our consideration: Did the filing of the copy of the order appointing the receiver in the office of the register of deeds of Red Lake county operate as notice to subsequent bona fide purchasers of the land from Day? The learned trial court answered this question in the negative.

Section 4228, G. S. 1894, provides that:

> No deed of assignment for the benefit of creditors whether under the general assignment law or the insolvent law of this state, and no order or decree of assignment under said insolvent law, by any court, shall be valid or of any force or effect whatsoever

as a conveyance of any land or of any estate or interest therein in this state until a copy of such deed, order or decree, certified by the clerk or his deputy of the court wherein the original deed, order or decree is filed, shall be filed for record in the office of the register of deeds of the county wherein such land is situated.

The order in question was filed as provided for in this statute, and the plaintiff claims that from the date of such filing it constituted notice of the fact that Day's property was in the hands of the court.

The order appointing the receiver was valid and effective before it was recorded in Red Lake county as to all but bona fide innocent purchasers without notice of the facts. It was held in Paulson v. Clough, 40 Minn. 494, 42 N. W. 398, that this statute is a mere registry law. As there said by Justice Dickinson: "While the language of the act does not disclose the purpose intended to be accomplished as clearly as would have been desirable, we are satisfied that it should be construed as a mere registry law, intended for the protection of subsequent purchasers."

It is difficult to conceive of any other method by which the possession of the receiver could be protected. He could not take physical possession of the real estate. When the order was filed in the office of the register of deeds, and properly indexed, any person interested in the lands who exercised proper care could obtain actual notice of the receivership. It would be impracticable to require the order to contain a description of all the real estate affected thereby. Any such requirement might defeat the whole object of the receivership. If it is necessary to include a description of the lands in the order, it would be easy for a dishonest involuntary bankrupt to convey all his lands, and get the title thereof into the hands of innocent purchasers, between the time when the order is made and the preparation of an exhaustive schedule of his property. It cannot be presumed that the legislature intended this result. What the legislature evidently did intend was to deprive the insolvent of all power to dispose of his real estate after the order was duly made, and this statute was enacted for the purpose of providing a method of giving notice of the fact of the receivership to parties who might be interested therein.

The defendants in this action are innocent purchasers in the sense that they had no actual knowledge of the fact that Day's property was under the control of the court and that he was not competent to convey title to his lands. But the order appointing a receiver was on file in the office of the register of deeds of the county wherein the land was situated, and it was within the power of the purchaser by the exercise of reasonable care to become possessed of actual knowledge of the conditions. While the practical result may be unfortunate, it is due to the want of care on the part of the purchaser, and therefore cannot constitute a legal wrong.

The judgment appealed from is therefore reversed.