## STATE BANK OF ISANTI v. MUTUAL TELEPHONE COMPANY and Others.[1]

November 7, 1913.

Nos. 18,218—(59).

**Renewal note — payment — burden of proof.**

1. A note taken in renewal of a former note is presumed to have been accepted as conditional payment only; and the burden is upon one who claims that it discharged and extinguished the original note, to prove an express or implied agreement to that effect. If such agreement be not proven and the renewal note be not paid, the holder may surrender it and sue upon the original.

[1] Reported in 143 N. W. 912.

Note.—As to the effect, under negotiable instrument law, of extension of time to principal to release surety or guarantor, see note in 31 L.R.A.(N.S.) 149. And upon the effect, under negotiable instruments law, of extension of time to principal to release one who, on the face of the instrument, is primarily liable, but is in fact a surety, see notes in 10 L.R.A.(N.S.) 129, and 26 L.R.A. (N.S.) 99. And on the question of the effect of renewal of principal's obligation to release party to a note executed to the creditor as collateral, see note in 23 L.R.A.(N.S.) 141.

**Release of surety — burden of proof.**

> 2. Where a surety claims to have been released by an extension of time granted to the principal by the creditor, the burden is upon the surety to show that such extension was made without his consent.

**Evidence inadmissible.**

> 3. Where a bank holds a note upon which its president and another are sureties and takes a renewal note executed by the principal only, it is not bound by an undisclosed agreement between the president and his cosurety that the renewal note should discharge and extinguish the original, and the trial court properly excluded evidence of such an agreement.

Action in the district court for Ramsey county against defendant telephone company, F. F. Murray and J. R. Beggs, to recover $1,700 upon a promissory note. The answers of the individual defendants alleged that at the maturity of the note, and without their knowledge and consent, plaintiff extended the time of payment, and it was paid by a renewal note which was in turn paid by a second renewal note. The case was tried before Kelly, J., who directed a verdict in favor of plaintiff. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*Todd & Kerr,* for appellants.
*Percy D. Godfrey* and *Godfrey G. Goodwin,* for respondent.

TAYLOR, C.

This is a suit upon a promissory note. The trial court directed a verdict for plaintiff, and defendants appeal from an order denying a motion for a new trial.

Defendants admit the execution of the note but contend that it has been paid. Defendants Beggs and Murray further contend that they were sureties only, and that the bank extended the time for the payment of the note without their knowledge or consent and thereby released them from liability thereon.

Defendants Beggs and Murray are respectively the president and secretary of defendant telephone company. Defendant Murray was also president of plaintiff bank when the notes in controversy were executed, but has since ceased to have any connection therewith.

About a year after the original note became due, a renewal note,

executed on the part of the telephone company by Beggs as president and Murray as secretary, but without the personal signature of .either, was given to the bank. After this renewal note became due, a second renewal note, executed in the same manner, was given to the bank which thereupon surrendered the first renewal note. After the second renewal note became due, a third renewal note, executed in the same manner, was given to the bank, which thereupon surrendered the second renewal note. The original note, which was executed by the telephone company and also by defendants Beggs and Murray individually, was never surrendered. After the third renewal note became due, the bank brought this suit on the original note, and tendered back the third and last renewal note.

The bank kept a record of all notes in a bills receivable register which contained separate columns having the following headings:— "Date Received," "Maker," "Endorsers," "Number," "Amount," "Rate of Interest," "Date of Bill," "Date Due," "Endorsements," "Total Amount Paid," "Date Paid."

When the original note was received appropriate entries were made in the proper columns of this record. When the first renewal note was received similar entries were made, and, at the same time, the record of the original note was completed by entering therein under the headings, "date paid," and "total amount paid," respectively, the date on which the renewal note had been received and the amount thereof. Similar entries were made in the record of the first renewal note at the time the second was received and recorded, and in the record of the second at the time the third was received and recorded.

In its report to the state bank examiner, made before it received the first renewal note, the bank, in giving the amount of indebtedness for which Murray was liable as surety, included as a part thereof the amount of the original note. The amount for which Murray was liable to the bank was larger than the law permitted. The bank examiner called attention to that fact and insisted that this amount be reduced. Shortly thereafter the first renewal note was given without the personal signature of either Beggs or Murray, and, in its subsequent reports to the bank examiner, the bank, in giving the

amount for which Murray was liable, omitted therefrom the amount of the original note.

It is conceded that the indebtedness for which the original note was given has never been paid or satisfied; and there is no evidence that the renewal notes were given or received for the purpose of paying and extinguishing the original note, unless such purpose be inferred from the entries in the books of the bank above mentioned, and from the failure of the bank to include the original note among the liabilities of Murray in the reports to the bank examiner made after the renewal notes had been received.

In the absence of evidence showing affirmatively that a renewal note was given and accepted for the purpose of discharging and extinguishing the original note, the law presumes that it was given and accepted as conditional payment only. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923; Hanson v. Tarbox, 47 Minn. 433, 50 N. W. 474; Wiley v. Dean, 67 Minn. 62, 69 N. W. 629; Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; Combination Steel & Iron Co. v. St. Paul City Ry. Co. 47 Minn. 207, 49 N. W. 744; Grissel v. Bank of Woonsocket, 12 S. D. 93, 80 N. W. 161; Schmidt v. Livingston, 16 Misc. 554, 38 N. Y. Supp. 746; Savings Bank v. Central Market Co. 122 Cal. 28, 54 Pac. 273; Bonestell v. Bowie, 128 Cal. 511, 61 Pac. 78; Fry v. Patterson, 49 N. J. L. 612, 10 Atl. 390; Kean v. Dufresne, 3 Serg. & R. 232, 233; Nightingale v. Chafee, 11 R. I. 609, 23 Am. Rep. 531; Powell v. Blow, 34 Mo. 485; Hess v. Dille, 23 W. Va. 90; Elwood v. Deifendorf, 5 Barb. (N. Y.) 398; Griffin v. Long, 96 Ark. 268, 131 S. W. 672, 35 L.R.A.(N.S.) 855, Ann. Cas. 1912 B, 622.

If the renewal note be not paid, the holder may, at his option, surrender it and bring suit upon and enforce the original, unless it appear affirmatively that the original has been extinguished by an express or implied agreement to that effect. If it be claimed that the renewal note was not merely a conditional payment of the original, but an absolute discharge thereof, the burden is upon the one asserting that fact to prove it.

In the present case, the entries in the books of the bank and the reports to the bank examiner do not overcome, or even contravene,

the presumption that the renewal note was accepted as conditional payment only; and the trial court was correct in holding that the original indebtedness had not been paid or satisfied by such renewal.

Defendants Beggs and Murray, although makers of the original note, insist that they were in fact sureties only, and invoke the rule that a surety is released by a valid extension of the time of payment made without his consent.

The renewal notes undoubtedly extended the time of payment of the original; but, conceding that Beggs and Murray were sureties, as they claim, and that this fact was known to plaintiff, it was nevertheless incumbent upon them to prove that the extension was made without their consent. There is no presumption that such is the fact. Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; Guderian v. Leland, 61 Minn. 67, 63 N. W. 175; St. Paul Trust Co. v. St. Paul Chamber of Commerce, 64 Minn. 439, 67 N. W. 350; Norton v. Metropolitan Life Ins. Co. 74 Minn. 484, 77 N. W. 298, 539; Bandler v. Bradley, 110 Minn. 66, 124 N. W. 644.

They wholly failed to establish this essential fact. On the contrary, they, themselves, as officers of the telephone company, executed and delivered the renewal notes; and the inference arises that they not only knew of, but consented to, the extensions created by such renewals.

At the trial, the court excluded testimony tending to show an agreement between Murray and Beggs to the effect that the original note should be taken up and paid by the renewal notes. The court assigned as the reason for the ruling that they were comakers of the original note, and that such an agreement between themselves, if made, would not bind the bank. It is not claimed that the bank or any of its officers other than Murray had any knowledge of such agreement. The note held by the bank was executed by the telephone company and also by Beggs and Murray. The note given in renewal was executed by the telephone company only. To have the latter extinguish the former might be very desirable from the view point of Beggs and Murray, but was clearly against the interest of the bank. In the making of an agreement releasing his own obligation to the bank without other consideration than an extension of the time of

payment, Murray could not represent the bank. As an officer of the bank he could not contract with himself. If he attempted so to do, the bank was not bound thereby, and the evidence was properly excluded. Rhodes v. Webb, 24 Minn. 292; Atwater v. Smith, 73 Minn. 507, 76 N. W. 253; Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963; St. Paul & M. T. Co. v. Howell, 59 Minn. 295, 61 N. W. 141.

There was no prejudicial error in the other rulings as to the admission of evidence.

Order affirmed.