## HERMAN MIKOLAS v. VAL BLATZ BREWING COMPANY.[1]

November 26, 1920.

No. 21,945.

**Sublease—action for rent—cancelation by subtenant.**

1. Plaintiff sold his business to McBride, taking notes for instalments of the purchase price. As part of the same transaction, plaintiff leased to defendant, for a long term, the premises where the business was conducted. The lease was terminable by defendant in event McBride defaulted in his payments, but was to become absolute on all payments being made. McBride becoming embarrassed, plaintiff agreed to accept the notes of McBride for an amount less than the amount due, a third party assuming part of the obligation. It was agreed that the new notes should stand substituted for the old, and be secured in the same manner by the lease, and that plaintiff should hold the same rights in event of default as under the old agreement. Defendant was not a party to this agreement, but assented to it. *Held* defendant had the same right of cancelation, for default by McBride, after the new agreement as before.

**Appeal and error — payment of debt — absence of finding by trial court.**

2. The giving of notes for an antecedent debt, with the added signature of a new party, is not absolute payment, unless the parties so agree. The court made no finding on this subject. There was evidence from which the court might find that the original debt was not wholly paid. In the absence of a finding, this court cannot assume that the original debt was wholly paid.

**Substitution of new notes.**

3. It was not necessary that defendant be a party to the new agreement between plaintiff and McBride. If it assented to it, the new notes became substituted for the old, for all purposes.

**Statute of frauds not applicable.**

4. The statute of frauds has no application to this case.

Action in the district court for Hennepin county to recover $366.67,

[1] Reported in 180 N. W. 109.

one month's rent. The facts are stated in the opinion. The case was tried before Hale, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion to amend the findings or for a new trial, plaintiff appealed. Affirmed.

*F. W. Booth,* for appellant.

*Fowler, Schmitt, Carlson & Furber,* for respondent.

HALLAM, J.

This action was brought to recover rent alleged to be due for October, 1918, under a sublease. The facts are: In 1914 plaintiff had a lease, expiring in 1922, upon a saloon building in Minneapolis, and there conducted a saloon. He negotiated a sale of his business to Perley McBride. Twelve thousand dollars of the purchase price was payable in instalments, for which notes were given. As part of the same transaction, plaintiff sublet the premises to defendant for the balance of the term, and McBride entered into an agreement with defendant to conduct a saloon on the premises. The sublease provided that, if McBride should default in the payment of any of the notes he had given to plaintiff and such default should continue for 30 days, notice of default should be given, that defendant should then have 30 days in which to pay any instalment in default, and, if it elected not to do so, it should surrender possession of the premises to plaintiff and the lease should immediately terminate. In other words, in the event McBride failed to make his payments to plaintiff, defendant was to have the option of surrendering the premises and canceling the sublease, or of continuing the sublease and finding another occupant.

By the spring of 1918 McBride had become financially embarrassed. Notes due plaintiff, aggregating $6,500 were still unpaid. McBride then sold a half interest in the business to Fred Fulton, who became his partner. By a new agreement between plaintiff and McBride dated May 6, 1918, plaintiff agreed to surrender his notes for $6,500, and to accept in lieu thereof four new notes aggregating $3,200. Fulton agreed to pay $1,825 of the indebtedness. The new agreement contained this language:

"That on the execution hereof the said Mikolas will deliver up and surrender to said McBride the first above mentioned notes and take in

lieu and in place thereof the four last mentioned notes, one of which is for one thousand ($1,000.00) dollars, two of which are for seven hundred ($700.00) dollars each, and one for eight hundred ($800.00) dollars, maturing as above mentioned, and said four notes so accepted by said Mikolas shall stand substituted for the surrendered notes and be secured by the mortgage securing said surrendered notes in all things as though said notes had been delivered and executed as of the date of said mortgage, and that all provisions contained in said mortgage for the enforcement and collection of the original notes shall apply to and refer to the new notes.   It being understood by and between the parties hereto that the said Mikolas shall enjoy and hold the same rights under this agreement, in the event of default herein, as contained in his mortgage before this agreement was made." It is conceded that where the word "mortgage" is used in this agreement, the word "lease" was intended.

Still the business failed to prosper.   Default was made in payment of the first of the new notes, due July 15, 1918, and on August 15, 1918, plaintiff gave defendant notice of default.   On September 16 defendant surrendered possession to plaintiff.

1. Plaintiff contends that the lease has not been terminated and sues for the October rent.   Defendant defends, claiming the lease has been terminated by the notice of default and its surrender of premises.

Plaintiff's contention, more particularly stated, is this: Under the original arrangement made in 1914, defendant's option to terminate the lease could become operative only in the event of failure of McBride to pay one or more of the notes then given to plaintiff.   After the notes were all paid, the lease was to become absolute and the option to terminate was gone, and, plaintiff contends, the original notes were paid by the substituted notes given in May, 1918.   This might be a legitimate conclusion, were it not for the clause above quoted in the 1918 agreement.   We are of the opinion that the effect of these provisions, namely, that the new notes shall stand substituted for the surrendered notes and be secured by the lease in all things as though said notes had been delivered and executed as of the date of said lease, that all provisions of the lease for the enforcement and collection of the notes shall apply to the new notes, and that plaintiff shall enjoy and hold the same rights

under the new agreement in the event of default as contained in the lease before the new agreement was made, was to continue the relation of the parties to that agreement and their relative rights and obligations, as they had existed before, with the difference only that the new notes were substituted for the old.

2. We cannot regard the original obligation of McBride to plaintiff as paid. The giving of new notes for an antecedent debt does not discharge the debt unless expressly given and received as absolute payment, Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923, and this is the rule even though a third party joins in the notes. Devlin v. Chamblin, 6 Minn. 325 (468); Combination S. & I. Co. v. Saint Paul City Ry. Co. 47 Minn. 207, 49 N. W. 744; Gibson v. Tobey, 46 N. Y. 637, 7 Am. Rep. 397; Shepherd v. Busch, 154 Pa. 149, 26 Atl. 363, 35 Am. St. 815; Swan v. Gregory, 195 Mich. 457, 161 N. W. 933; Canadian Bank of Commerce v. Sesnon Co. 68 Wash. 434, 123 Pac. 602; Maxwell v. Holmesville Mill & Power Co. 231 Fed. 684, 145 C. C. A. 570; Randolph, Commercial Paper, § 1535; 21 R. C. L. 84; 30 Cyc. 1197. Under the evidence, the court might clearly have found that the original debt was not paid. There was no finding on this point. The burden of proof of payment was upon the party asserting it. Devlin v. Chamblin, supra; Geib v. Reynolds, supra; State Bank of Isanti v. Mutual Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082. In the absence of a finding, we cannot assume that the old debt was fully paid. Donnelly v. Simonton, 13 Minn. 278 (301).

3. The point is made that defendant was not a party to the agreement of May, 1918. But this does not seem to us important. It was not necessary that defendant join in that agreement. Defendant was not a party to the original agreement between plaintiff and McBride, though its lease from plaintiff and its contract with McBride gave some assurance of performance by McBride of his obligation to plaintiff. The new agreement changed the form and reduced the amount of the obligation due from McBride to plaintiff. Plaintiff and McBride could not in any manner contract between themselves so as to affect the rights of defendant without defendant's consent. But defendant did consent and by consenting to the substitution of obligations and to the provisions that the new notes should be "secured by" its lease as the old

notes had been, it is bound, much as a surety is bound by a change in a contract between the creditor and principal to which he assents. All parties, by their conduct, treated the relation of the parties after the new agreement, the same as under the original transaction, with the difference only that plaintiff had reduced the amount of his claim against McBride. When default was made, plaintiff gave notice of default and defendant made surrender of the premises, all on the assumption that the provisions of the original lease were still in force.

4. There was nothing in any provision of the statute of frauds that required that the consent by defendant be in writing. Section 6998, G. S. 1913, relating to agreements, by their terms not to be performed within one year, has no application to the facts of this case.

Order affirmed.