## JOHN F. MERRILL, AS RECEIVER, ETC. v. WILLIAM F. ZIMMERMAN AND OTHERS.[1]

June 9, 1922.

No. 22,826.

**Rights of receiver in supplementary proceedings.**

1. A receiver appointed in proceedings supplementary to execution represents the judgment creditor. His rights do not depend on any succession to the title of the judgment debtor. He may recover property transferred to defraud creditors, but his rights are subordinate to those of bona fide purchasers.

**Property in pledge to be applied to satisfaction of pledge.**

2. Pledged property may be retained and applied to the satisfaction in any changed form of the obligation it secured.

**Burden of proof rests on party asserting payment of debt.**

3. As a rule one who asserts that a debt has been paid or a note accepted in satisfaction of a pre-existing indebtedness has the burden of proof resting upon him.

**Proof of payment of notes insufficient.**

4. The evidence failed to establish payment of certain notes which had been held by the defendant bank, or that the collateral security it held had been pledged for the purpose of defrauding the creditors of a surety on the notes.

**Receiver in supplementary proceedings against surety may bring action against principal.**

5. A receiver of the property of a surety for the debt of another, appointed in proceedings supplementary to execution, may bring an action to compel the principal debtor to satisfy the debt.

[1]Reported in 188 N. W. 1019.

Action in the district court for Goodhue county to determine the amount of indebtedness, if any, of defendant brewing company to defendant bank; that in default of payment judgment be entered in favor of the bank against the brewing company, and that certain securities be adjudged free from any lien thereon in favor of defendant bank. The case was tried before Converse, J., who made amended findings and ordered judgment in favor of Goodhue National Bank as judgment creditor against defendant brewing company for $22,000; that the bank had a first lien upon certain securities described in the findings, and that when the judgments had been paid to the bank the balance of the collateral securities should be turned over to plaintiff to satisfy his judgment. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

Morphy, Bradford & Cummins and Frank H. Ewing, for plaintiff. Frank M. Wilson, for defendants.

LEES, C.

In proceedings supplementary to execution, an order was entered on December 1, 1917, restraining the defendant William F. Zimmerman from disposing of his unexempt property and requiring him to appear before a referee for examination, and on August 17, 1918, plaintiff was appointed receiver of the property.

Zimmerman was president and manager of the defendant brewing company. All of its stock, except two shares, was owned by his wife, the defendant Christine B. Zimmerman. As early as 1911 the brewing company became a borrower from the defendant bank. Its notes were indorsed by Zimmerman as surety. On February 17, 1914, September 30, 1916, and November 15, 1917, he pledged to the bank securities he owned to secure the payment of the notes. This action, brought to recover possession of these securities, was begun on January 11, 1919, and tried on June 1, 1920. The court made findings, and from the judgment entered thereon all of the parties have appealed.

The court found that the brewing company, as principal, and Zimmerman, as surety, were at all times between 1912 and the time

of the trial indebted to the bank in sums varying from $6,000 on March 8, 1912, to $34,671.15 on June 1, 1920. On January 11, 1919, the indebtedness was $22,000. Zimmerman deposited with the bank, as collateral security for the indebtedness, all the stocks and bonds which plaintiff seeks to recover. At the time of the trial, the indebtedness was evidenced by 7 promissory notes, the date of the earliest being January 1, 1920, and of the latest May 8, 1920. The brewing company is solvent. The court held that the bank had a lien on the securities, which was superior to plaintiff's claim to them, and directed that judgment be entered in favor of the bank and against the brewing company for $22,000 with interest, payment of such judgment to be made within 15 days. Plaintiff was authorized to have execution issued on the judgment and satisfied out of the property of the brewing company, if sufficient property could be found. If not, the pledged securities were to be resorted to for so much of the judgment as could not be thus collected. When the bank's judgment had been fully paid, the securities, or such as remained, were to be turned over to the plaintiff, to be applied in satisfaction of the judgment against Zimmerman. If any remained thereafter, they were to be turned over to Zimmerman.

## PLAINTIFF'S APPEAL.

We first consider the questions presented by plaintiff's appeal. In the brief submitted in his behalf they are discussed under two heads: (1) Does the evidence show that prior to January 1, 1920, the bank had received payment of all the notes upon which Zimmerman had theretofore become surety? (2) Did the evidence require the court to find that the securities had been pledged to and were held by the bank in fraud of Zimmerman's creditors?

1. Plaintiff asserts that on August 17, 1918, he became the owner of the pledged securities by virtue of his appointment as receiver and that thereafter Zimmerman had no title or claim to them and could not repledge them to the bank to secure the payment of any subsequently incurred indebtedness; that, if the court should be of a contrary opinion, in any event after January 11, 1919, when the sum-

mons in this action was served on the bank and it had notice or plaintiff's interest in the securities, it could acquire no new rights from Zimmerman; and, finally, that it appears conclusively that all indebtedness which arose prior to January 1, 1920, had been paid. The legal principles which we think applicable are well defined:

A receiver appointed in proceedings supplementary to execution represents and stands in the place of the judgment creditor. His rights do not depend upon any succession to the title of the debtor. Dunham v. Byrnes, 36 Minn. 106, 30 N. W. 402. He has a right to demand the return of property transferred to defraud creditors and may recover the property in an action of replevin, or sue for its value. Rossman v. Mitchell, 73 Minn. 198, 75 N. W. 1053. His rights in the property are subordinate to those of bona fide purchasers without notice of the facts. Noyes v. American F. L. M. Co. 97 Minn. 38, 105 N. W. 1126. The conclusion follows that, after notice of plaintiff's appointment, the bank could not acquire from Zimmerman rights in the collateral securities which it did not already possess. There was no proof that the bank had notice of the receivership prior to the commencement of the action, and plaintiff's right to the securities was acquired subject to the title and right of possession of the bank.

No particular indebtedness was specified when the securities were pledged. It is a well established rule that pledged property may be retained and applied to the satisfaction in any changed form of the obligation it secured. It stands equally good for a new obligation given as evidence of the original debt, and hence may be held for the satisfaction of a note given in renewal of one for which the property was first pledged. Jones v. Guaranty & Indemnity Co. 101 U. S. 622, 25 L. ed. 1030; A. Leschen & Sons Rope Co. v. Mayflower Co. 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A. (N. S.) 1; Stavers v. Philbrick, 68 N. H. 379, 36 Atl. 16; Jones, P. & Col. Sec. §§ 355a, 541; 21 R. C. L. p. 654. Therefore, the vital question is this: Were the notes held by the bank when this action was commenced subsequently paid? Plaintiff asserts and defendants deny that they were. It is the general rule that one who asserts that a debt has been paid or that a note was accepted in satisfaction of a pre-existing indebt-

edness has the burden of proof resting upon him. Combination S. & I. Co. v. St. Paul City Ry. Co. 47 Minn. 207, 49 N. W. 744; Marshall & Ilsley Bank v. Child, 76 Minn. 173, 78 N. W. 1048; Farmers W. Assn. of Sleepy Eye v. Montgomery, 92 Minn. 194, 99 N. W. 776; Mikolas v. Val Blatz Brewing Co. 147 Minn. 230, 180 N. W. 109. The same rule applies to renewal notes. State Bank of Isanti v. Mutual Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915C, 1082.

Plaintiff asserts that payment of the notes for which the collateral securities were held is established by the bank's note register. We have examined it in an endeavor to trace back to their origin the notes the bank held at the time of the trial. It is a record of the dates of all the notes, the amount of each, their due dates and the dates of payment. In many instances it shows that when a note fell due, a new note was given for the same amount and was dated on the same day, and that the old note was then marked paid. Unexplained, the entries furnish a rational basis for the inference that the new notes were taken in renewal of the old ones and not for new loans. Most of the notes held at the time of the trial can thus be traced back for two or three years. The testimony of the president of the bank strengthens the inference. It was to the effect that after the year 1911 the brewing company was continually indebted to the bank; that in January, 1918, the indebtedness was $24,000, and on January 11, 1919, it was $22,000; that no steps had been taken to collect it, but the payment of interest and renewals of the loans had been required. The trial court failed to find specifically when the debt evidenced by the several notes originated and refused to find, as requested by the plaintiff, that all of the indebtedness incurred prior to January 1, 1920, had been paid. We are of the opinion that the evidence failed to show that the indebtedness had been paid and that plaintiff is not entitled to a reversal on this ground.

2. The complaint alleged that Zimmerman pledged the securities for the purpose of defrauding his creditors, and plaintiff contends that the court should have so found. Attention is called to circumstances indicating that Zimmerman was the moving party in pledg-

ing the securities. They were pledged soon after he became liable to the stockholders' assessment, which resulted in the judgment plaintiff seeks to collect. The bank may have been willing to aid him in keeping the securities beyond the reach of other creditors. But there can be no question about the genuineness of his indebtedness to the bank, and it had a right to secure a preference over other creditors by taking security for its notes. We apply the familiar rule that the burden of proving a transfer fraudulent is upon him who asserts it, and hold that the evidence did not require the court to find that the transaction was in fraud of Zimmerman's creditors.

## DEFENDANTS' APPEAL.

Defendants, by their assignments of error, assail the conclusions of law wherein the court held that plaintiff was entitled to have judgment entered in favor of the bank and against the brewing company and payment thereof enforced by execution against the property of the company. They also challenge the conclusion that the bank should have no right to resort to its collateral security until after the property of the company subject to levy under an execution had been exhausted. The method of working out the equities of the parties which the court adopted has our approval.

Section 7684, G. S. 1913, reads as follows:

. "An action may be brought against two or more persons for the purpose of compelling one to satisfy a debt due to the other, for which the plaintiff is bound as surety."

The statute was considered in Huey v. Pinney, 5 Minn. 246 (310); Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700; Benedict v. Olson, 37 Minn. 431, 35 N. W. 10; Metropolitan Milk Co. v. Minneapolis St. Ry. Co. 149 Minn. 181, 183 N. W. 830; and Manchester Sav. Bank v. Lynch, 151 Minn. 349, 186 N. W. 794. It embodies an established rule of equity practice enabling a surety to compel a solvent principal debtor to exonerate him by paying the debt. No question of indemnity to the creditor is involved, for he is not required to act. The right to security for the expenses of the suit has been recognized in

cases where the surety sought to compel the creditor to proceed against the principal debtor. Huey v. Pinney, supra, was such a case. In the instant case plaintiff is the moving party and by virtue of his appointment as receiver stands in Zimmerman's shoes and has the same rights as respects the brewing company and the bank. Zimmerman might have brought suit to compel the brewing company to pay its indebtedness to the bank. Had he done so, the bank could not have demanded indemnification because it would incur no expense and run no risk of loss. The rights of the parties were adjusted in accordance with established principles of equity and the conclusions of law should stand.

The judgment is affirmed.