### HARRY GRAFF, INC. v. LEON ABRAM.[1]

May 7, 1926.

No. 25,192.

**Evidence permitted jury to find claim had been paid.**

> The evidence for defendant is that plaintiff agreed to accept the promissory note of a third person in payment of the balance due it from defendant and that pursuant to such contract, and not otherwise, the note of the third party was delivered and accepted. It was therefore open to the jury to find that plaintiff's claim had been discharged by payment.

[1]Reported in 208 N. W. 801.

Payment, 30 Cyc. p. 1293 n. 72.

See note in 35 L. R. A. (N. S.) 14; 13 A. L. R. 1047; 21 R. C. L. 72;
    4 R. C. L. Supp. 1403; 5 R. C. L. Supp. 1142.

Action in the district court for St. Louis county to recover for
merchandise sold. The case was tried before Magney, J., and a jury
which returned a verdict in favor of defendant. Plaintiff appealed
from an order denying its motion for a new trial. Affirmed.

*Schwartz & Halpern*, for appellant.

*Baldwin, Baldwin, Holmes & Mayall*, for respondent.

STONE, J.

In this action to recover for merchandise sold, the defense was
payment. After verdict for defendant, plaintiff appeals from the
order denying its motion for a new trial.

Defendant was formerly a merchant at Duluth. Desiring to re-
tire, he arranged with his son, Jacob Abram, to take over the busi-
ness and assume the liabilities. Plaintiff was one of defendant's
creditors and its president, Mr. Graff, was assisting Jacob in his
efforts to get needed extensions from creditors. Jacob testified that,
in the course of their conferences, it was agreed that if plaintiff
would "release my father's account and accept me, I will pay you
fifty per cent in cash and the balance in notes." Pursuant to that
arrangement and when the balance due from defendant to plaintiff
had been reduced to $3,400, Jacob Abram transmitted to plaintiff,
at Chicago, a check of his brother Isaac for $1,000 and his own
promissory note for $2,400, both payable to plaintiff. The check
was cashed. The pertinent portion of the letter of transmission is
as follows:

"As per my understanding with Mr. Graff, I am enclosing a
check for $1,000 together with my note for $2,400, which is in full
payment of the Leon Abram account."

The principal assignment of error challenges a portion of the
charge. The jury was told among other things that the giving of

such a note is not ordinarily payment; that the burden of proving an agreement that in this case it was payment, was upon defendant, and that unless there was such an agreement their verdict would be for plaintiff. In that connection the court gave on defendant's request the instruction now challenged and which reads as follows:

"If you find that the note for $2,400 and the check for $1,000 were sent to the plaintiff with the letter of June 13th, 1924, and that the conversation testified to by the plaintiff did not take place, then you are instructed that plaintiff by cashing the check and retaining the note must be held to have accepted and agreed to the terms and conditions of that letter."

The letter assumes an "understanding" between Jacob Abram and Mr. Graff. It was either that the note and check would be accepted in discharge of the account or that the note would be taken only as collateral. Jacob testified one way and Mr. Graff the other. Graff's testimony is based upon the conversation referred to in the charge which he said took place in Chicago. If the jury rejected his testimony on that point, the only alternative was to adopt that of Jacob Abram to the effect that the agreement was that note and check would be accepted in discharge of his father's liability. It was to the whole transaction, of which the letter of June 13 was only a part, that the instruction was directed. The jury was told, in substance, that if the conversation testified to by Graff did not take place and the check and note were sent to plaintiff with the letter (the receipt of which was denied by plaintiff), they would have to find that cashing the check and retaining the note bound plaintiff "to the terms and conditions of that letter." Those terms and conditions included the previous "understanding" between Jacob Abram and Graff. The instruction was conditioned upon the jury's putting out of view Graff's version, which they did. Having done that, they necessarily accepted the Abram version, in connection with which the charge is certainly unobjectionable.

The argument for appellant contra is based upon such cases as Combination S. & I. Co. v. St. P. C. Ry. Co. 47 Minn. 207, 49 N. W. 744; Mikolas v. Val Blatz Br. Co. 147 Minn. 230, 180 N. W. 109, and

Merrill v. Zimmerman, 152 Minn. 333, 188 N. W. 1019. See also State Bank v. Mut. Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082, where many of the other cases are cited. The rule thus invoked is the familiar one that the mere acceptance of a note, whether of the original debtor or a third person, on account of or even in recited payment of an existing debt, in the absence of an arrangement contra, is not a payment or discharge of the original debt but only a conditional payment. So the recital in a receipt of the fact of payment by note is not by itself evidence of absolute payment. Being a mere recital and not a contract, it is open to explanation or contradiction, and it may be shown notwithstanding the receipt that the note was taken upon the implied condition that it would not operate as payment of the original claim unless and until paid. The Combination S. & I. case presents such a situation.

This is not a case of a mere receipt or similar noncontractual but written recital of fact which is open to contradiction. It is rather, on the testimony for defendant and the verdict, a case of an antecedent contract on the part of plaintiff to accept Jacob Abram as debtor in place of his father. That contract was executed in the manner indicated, by the $1,000 payment and the giving by Jacob Abram and the acceptance by plaintiff of the note for the balance. The evidence is ample to support the finding of such a contract and the verdict cannot be disturbed.

We find nothing in the showing of new evidence in support of the motion for a new trial to warrant reversal on that ground.

Order affirmed.