J. G. WOLFE *v.* J. A. KELLEY *et al.*

(No. 8589)

Submitted October 12, 1937.   Decided November 23, 1937.

*B. W. Craddock,* for appellant.
*J. J. Hendrick,* for appellee.

MAXWELL, JUDGE:

This is a suit in chancery by J. G. Wolfe against J. A. Kelley, principal maker, and G. C. Fisher, co-surety with Wolfe on a negotiable promissory note, to recover of Fisher, on the basis of contribution, his aliquot part of the amount paid by Wolfe in discharge of the note. From a decree of the circuit court of Gilmer County in favor of Wolfe, Fisher appeals.

In 1925, J. A. Kelley, principal, executed a note for $200.00 to Glenville Banking & Trust Company, with Wolfe and Fisher as sureties.   All three signed on the face of the note.   Renewals for like amounts and in the same form were executed from time to time, the last of which bearing the three signatures was executed Sep-

tember 15, 1929, due two months after date. On the due date, November 15, 1929, and on two or three subsequent dates, further renewals were made to the bank by Kelley and Wolfe, but without the signature of Fisher. The final renewal was dated June 15, 1930, and was for $150.00, Kelley having made payment of $50.00 after November 15, 1929. The bank, after Kelley became insolvent, demanded of and collected from Wolfe $155.75 in full of the balance of the obligation.

Wolfe contends that the renewal notes which did not carry the signature of Fisher were signed by him at the instance of the principal, with the understanding that Fisher would likewise sign and remain bound as his co-surety; that without his express agreement and consent, there could be no valid release of Fisher's obligation as co-surety.

It is the contention of Fisher that the bank accepted the November renewal, signed by Kelley and Wolfe, in discharge of the original obligation; and that he not having affixed his name thereto, was discharged from the entire transaction and therefore no liability remained against him in favor of plaintiff.

The record discloses that Kelley was probably solvent when the renewal of November, 1929, was executed, but became insolvent about 1931.

Fisher asserted that he had not been requested to sign the November renewal; that Kelley informed him that the matter had been arranged and his release obtained; and that about a year after the execution of this renewal, Wolfe informed him that the note had been paid. Wolfe denies the latter statement.

In support of Fisher's defense, Kelley testified that when the renewal of November, 1929, was presented to Wolfe, the latter knew that Fisher was out of the state and was not to sign; that Wolfe never made any inquiry about Fisher's not signing, and that the bank accepted the renewal as executed. By inference, it may be gleaned from Kelley's statements that the note of September 15, 1929, was delivered to him by the bank on its acceptance of the November note. His testimony is not clear on this point. No officer nor agent of the bank testified.

The trial chancellor found that Fisher and plaintiff were equally bound as sureties on the original note, "and that said note was not paid in the bank, but was renewed without objection on the part of the defendant Fisher, and that his co-surety was afterwards, on the 5th day of May, 1931, compelled to pay and did pay $155.75 of said debt and that the principal obligor was insolvent." On these findings the chancellor adjudged and decreed that Fisher pay to Wolfe one-half of the sum paid by the latter with interest from date of payment. We approve this holding.

In the absence of express agreement, the giving of a renewal note is not satisfaction of the original. *Bank* v. *Nichols,* 101 W. Va. 553, 133 S. E. 129; *Merchant's Nat. Bank* v. *Good,* 21 W. Va. 455; *Ritchie County Bank* v. *Bee,* 62 W. Va. 457, 59 S. E. 181; Brannan's Negotiable Instruments Law (5th Ed.), p. 896; *First Nat. Bank* v. *Yowell* (Tenn.), 294 S. W. 1101, 52 A. L. R. 1411; 8 Corpus Juris, p. 569; 7 Zollman, Banks and Banking, section 4802. Whether a renewal of a note extinguishes the original debt depends on the intent of the parties as disclosed by the facts and circumstances surrounding the transaction. 3 Daniel on Negotiable Instruments (7th Ed.), p. 1498; *Lancaster* v. *Stanfield,* 191 N. C. 340, 132 S. E. 21; Annotation, 52 A. L. R. 1416. And the fact alone of surrender by payee to the maker of the old note at the time of acceptance of the renewal, is not sufficient to show a release of the original obligation. *Hess* v. *Dille,* 23 W. Va. 90; *Merchant's Nat. Bank* v. *Good, supra; First State Bank* v. *Lang,* 55 Mont. 146, 174 Pac. 597, 9 A. L. R. 1139; *First Nat. Bank* v. *White,* 60 N. J. Eq. 487, 46 Atl. 1092; *Bridge* v. *Connecticut Mutual Life Ins. Co.,* 167 Cal. 774, 141 Pac. 375.

The record would not warrant the finding that the events connected with the giving of the renewal in November, or with later renewals, were such as to establish a clear intent on the part of the bank to release Fisher from his obligation. In *Peter* v. *Beverly,* 10 Pet. (U. S.) 532, 9 Law. Ed. 522, it was said that to justify such a holding "the evidence must certainly be so clear and satisfactory as to leave no reasonable doubt that such was the intention of the parties." See also, *Wiley* v. *Dean,* 67

Minn. 62, 69 N. W. 629. But we are not so much concerned with the bank's intent as with Wolfe's right.

The burden was on Fisher to prove that the renewals which he did not sign were intended to relieve him. *Anglo-California Trust Co.* v. *Wallace,* 58 Cal. 625, 209 Pac. 78; *State Bank of Isanti* v. *Mutual Telephone Co.,* 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082; *Bloom* v. *Polacsek,* 123 N. Y. S. 951; *Geib* v. *Reynolds,* 35 Minn. 331, 28 N. W. 923. Consult: *Lowther* v. *Oil & Coal Co.,* 75 W. Va. 171, 83 S. E. 49. This burden he did not discharge, and his primary liability to the holder of the original note remained intact. "In the absence of an express agreement to said effect, the acceptance by a creditor of a new note from one of the joint obligors bound for a pre-existing debt is not a payment thereof. Neither does it release the other joint obligors who did not sign the new note." *Magee* v. *First State Bank* (Tex.), 13 S. W. (2d) 947. In point: *Commercial Nat. Bank* v. *Rich,* 54 S. D. 291, 223 N. W. 193.

Nor is discharge of Fisher established on the asserted basis that an extension of time of payment to the principal maker and plaintiff operated to relieve him of liability. This position of Fisher is not well taken because he was a joint maker. He was primarily liable. Between the three makers, Fisher and Wolfe stood as sureties and Kelley as principal; but, so far as the bank was concerned, they were all principals. After the bank had been satisfied there arose for the first time a situation wherein the status of the suretyship of Wolfe and Fisher as between themselves became tangible.

We therefore affirm the chancellor's decree, in respect of both the findings of fact and the principles applied.

*Affirmed.*